UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-3853-RAO Date: July 31, 2026
Title: Erik Edgardo Santos-Alvarado v. Todd Blanche et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| C. Delgado | N/A |
|---|---|
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION**

## I. INTRODUCTION

Petitioner Erik Edgardo Santos-Alvarado, represented by counsel, is a citizen of El Salvador currently in immigration custody at Adelanto Desert View Facility in Adelanto, California. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on July 11, 2026 ("Petition"). Dkt. No. 1 ("Pet."). The instant matter is Petitioner's second Section 2241 petition challenging his immigration detention. Petitioner previously filed a pro se habeas petition on May 1, 2026. *Santos-Alvarado v. Administrator, Desert View Facility et al.*, No. 5:26-cv-2286 MWF-RAO (C.D. Cal. May 1, 2026). Pet. at 5. In that prior petition, the Court ordered that Petitioner be provided with a bond hearing. Consistent with the Court's order, an immigration judge conducted a bond hearing on June 29, 2026, and denied Petitioner's release on the grounds of flight risk. Pet. at 5, 51.

The instant Petition claims procedural due process violations arising out of (1) Petitioner's arrest and detention in March 24, 2026, without advance notice or a pre-deprivation hearing; and (2) the June 29, 2026 bond hearing and order, which fails to show that the immigration judge required Respondents to prove materially changed circumstances. Pet. at 20–22. The Petition also claims a substantive due process violation and Administrative Procedure Act ("APA") violation arising out of Respondents' March 24, 2026 re-detention of Petitioner. *Id.* at 22–23.

///

## II. LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *see Magan Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (Section 2241 "expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.") (citing *Henderson v. I.N.S.*, 157 F.3d 106, 122 (9th Cir. 1998)).

## III. ANALYSIS

### A. Due Process (Claim One and Claim Three)

Petitioner claims that his arrest without advance notice that his release would be revoked and the failure to provide a pre-deprivation violated his substantive and procedural due process rights. Pet. at 20–23. The Court finds that Petitioner's due process claims lacks merit. Even assuming that Petitioner is correct, release from his present custody is not the remedy for this violation. A petition for writ of habeas corpus is a challenge to a petitioner's *present* custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *L-J-P-L v. Wamsley*, 2025 WL 2430268, at *6 & n.3 (D. Or. Aug. 22, 2025) (defects in initial arrest and detention "are not appropriately raised in a habeas petition, which consider the lawfulness of a continuing detention"); *Mynor v. Johnson*, No. CV 5:26-2006-RGK-SK, *report and recommendation issued* June 3, 2026 ("The writ of habeas corpus tests the lawfulness of present executive custody—not every alleged defect in how the government first apprehended and held a person."), *adopted*, July 7, 2026.

Additionally, Courts in this Circuit have held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when an immigration judge finds a separate basis for their detention and that basis is unchallenged. *See Vasquez Garcia v. Hermosillo*, 2026 WL 81783, at *2 (W.D. Wash. Jan. 12, 2026) (concluding that the immigration judge's alternative determination that a petitioner presents a flight risk was an unchallenged legal basis for detention and denying habeas petition); *Aburto Lopez v. Scott*, No. CV 25-2597-TMC, 2026 WL 194234, at *2 (W.D. Wash. Jan. 26, 2026) (same); *Rivas Campos v. Chestnut*, No. CV 26-1330-DJC (SCR), 2026 WL 1816190, at *7 (E.D. Cal. June 24, 2026) (similar), *report and recommendation adopted*, 2026 WL 1899541 (E.D. Cal. July 1, 2026). The immigration judge's order on June 29, 2026,

detaining petitioner became the basis for his current custody, superseding the prior arrest on March 24, 2026 as the basis for custody. *Thiravong v. Scott*, 2026 WL 1382356, at *2 (W.D. Wash. May 18, 2026) ("Even if Petitioner is correct that his redetention violated the applicable regulations and did not provide due process, habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention.").

### B. <u>Administrative Procedure Act (Claim Four)</u>

Petitioner argues that "Respondents' decision to revoke Petitioner's parole, Order of Recognizance, and/or Alternatives to Detention release status was final agency action or, alternatively, agency action unlawfully withheld or unreasonably implemented." Pet. at 23–24.

"Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704; *see Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1171 (9th Cir. 2017) ("[Section] 704's requirement that to proceed under the APA, agency action must be final or otherwise reviewable by statute is an independent element without which courts may not determine APA claims."). "Two conditions must be satisfied for an agency action to be final: (1) 'the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature' and (2) 'the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.'" *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1247 (S.D. Cal. 2019) (quoting *U.S. Army Corps of Eng'rs v. Hawkes Co.*, 578 U.S. 590, 597, (2016)).

Petitioner's claim for relief under the APA is conclusory and not meaningfully developed as an independent ground for habeas relief. First, Petitioner points to no statute that permits review of his re-detention. Second, Petitioner does not set forth sufficient evidence that there is a final agency action to be reviewed. Petitioner's argument that "Respondents' decision to revoke Petitioner's parole, Order of Recognizance, and/or Alternatives to Detention release status was final agency action or, alternatively, agency action unlawfully withheld or unreasonably implemented" is conclusory. *See* Pet. at 23. Petitioner has not identified the specific policies he challenges and how he has administratively exhausted any grievance about those policies, if applicable. Although Petitioner invokes the APA, Petitioner does not justify how this is an independent basis for relief. *See Tsendayush v. Bondi*, No. CV 26-970-SB (KES), 2026 WL

1880177, at *3 (C.D. Cal. June 30, 2026) (concluding that the petitioner's assertion of the APA, the *Accardi* doctrine, and the *Castañon Nava* settlement agreement were "asserted only in general terms and are not meaningfully developed as independent grounds for habeas relief"). Petitioner does not set forth sufficient evidence establishing the culmination of any decision-making process. This is fatal to Petitioner's claim that Respondents violated the APA. *See Ivanchenko v. LaRose*, No. CV 26-1892 JLS (DDL), 2026 WL 972849, at *2 (S.D. Cal. Apr. 10, 2026) (denying petition on APA grounds when the petitioner asserted "that Respondents have violated the APA by categorically revoking Petitioner's liberty and transferring him to the Otay Mesa Detention Center without consideration of his individualized facts and circumstances").

In sum, Petitioner's APA claim fails.

### C. <u>Failure to Exhaust Administrative Remedies (Claim Two)</u>

Petitioner claims that the bond hearing and denial of release violated procedural due process. Pet. at 21–22. Petitioner has a direct administrative remedy for this alleged violation: appeal to the Board of Immigration Appeals ("BIA"). *See* 8 C.F.R. §§ 1003.19(f), 1003.38. The BIA reviews de novo all "questions of law, discretion, and judgment" from the decisions of immigration judges. 8 C.F.R. § 1003.l(d)(3)(ii). It also reviews for clear error any findings of fact. *See id*. § 1003.l(d)(3)(i); *Vitug v. Holder*, 723 F.3d 1056, 1063 (9th Cir. 2013). The errors that Petitioner alleges occurred – the immigration judge failed to hold Respondents to their burden or required Respondents to justify re-detention – are ones that the BIA can address on appeal and would allow the agency to correct its own mistakes.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Petitioner's Petition for a writ of habeas corpus is DENIED.

**IT IS SO ORDERED.**